UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Lelend Naehu, et al.,

        Plaintiffs

v.

Jamar Lakeith Glasper, et al.,

        Defendants

Case No. 2:24-cv-01705-CDS-BNW

**Order Granting Defendants' Motion to Dismiss and Denying Plaintiffs' Motion to Amend**

[ECF Nos. 17, 24]

      Plaintiffs Leland Naehu and K.N., a minor, bring this suit pursuant to the Federal Torts Claim Act (FTCA) against defendants Jamar Lakeith Glasper, and the United States of America, alleging claims of negligence, negligence per se, and respondeat superior stemming from a collision occurring between the plaintiffs and a United States Postal Service (USPS) truck driven by Glasper. Compl., ECF No. 1-1.[1] The United States moves to dismiss the complaint for various reasons. Mot. to dismiss, ECF No. 17. Plaintiffs oppose the motion to dismiss and filed a countermotion to amend the complaint. Opp'n, ECF No. 23; Countermot. to amend, ECF No. 24. For the following reasons, I grant the defendants' motion to dismiss without prejudice and deny the plaintiffs' motion to amend without prejudice.

**I.    Background**[2]

      On May 26, 2021, Glasper, while on the job, was operating a 2021 Mail Truck owned by the USPS. ECF No. 1 at ¶ 8. Plaintiffs allege that they were passengers in a vehicle traveling driving eastbound on Flamingo Avenue while at the same time, Glasper was driving westbound

---

[1] As a sovereign, the United States can only be sued to the extent it waives sovereign immunity and consents to be sued. *O'Shaughnessy v. United States*, 2022 U.S. Dist. LEXIS 77200, at *5 (D. Nev. Apr. 28, 2022) (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990). "The FTCA [ ] waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *D.L. v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (internal citation omitted).

[2] Unless otherwise noted, the court only cites to the complaint (ECF No. 1) to provide context to this action, not to indicate a finding of fact.

on Flamingo Avenue. *Id.* at ¶¶ 9–10. They further allege that they were attempting to make a left turn into a private driveway, Glasper "chose not to yield the right of way" and hit plaintiffs' vehicle, causing a head on collision. *Id.* at ¶¶ 10–11.

## II. Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Additionally, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitation only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

## III.  Discussion

The United States argues that this action is time barred, and further argue that the plaintiffs' per se and respondent superior claims are improperly brought as two separate claims. *See generally* ECF No. 17. As the statute of limitations question could divest this court of jurisdiction, I address it first.

### A.  Plaintiffs' claims are barred by the statute of limitations.

Before a plaintiff may bring a claim under the FTCA, they must first present their claim to the "appropriate Federal agency" to give the agency the opportunity to address it. 28 U.S. § 2675(a). Once it has been presented to the proper agency, the plaintiff may only file a claim in federal district court if the agency (1) denied the claim in writing or (2) failed to make a final disposition of the claim within six months of its filing. *Id.* A plaintiff has two years from the time the claim accrues to present the claim in writing to the appropriate federal agency. 28 U.S.C. § 2401.

The United States argues that the plaintiffs' claims are time barred because the traffic accident occurred on May 26, 2021, and the plaintiffs did not present their claims to the USPS until December 11, 2023. ECF No. 17 (citing Plaintiffs' Standard Form (SF) 95s, Defs.' Ex. A, ECF No 17-2 at 1 and USPS denial letter, Defs.' Ex B., ECF No. 17-3 at 2 (confirming that her claims were received outside of the two-year statute of limitations)).[3] In response, the plaintiffs argue

---

[3] Although this is a motion to dismiss, and I am generally prohibited from referencing documents outside of the complaint, "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279 (9th Cir. 1986) (citing *Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 (D.C. Cir. 1979)). I therefore take judicial notice of plaintiffs' SF-95s and the USPS denial letter as they are matters of public record. *See Porter v. Lear*, 2021 U.S. Dist. LEXIS 183531, at *4 (E.D. Wash. Sept. 24, 2021) (taking judicial notice of plaintiff's SF-95 because it was a matter of public record).

that they filed the SF-95 in 2021, and that the USPS received the form on May 26, 2021. ECF No. 23 at 2 (citing USPS letter asking for resubmission, Pls.' Ex. 1, ECF No. 23-2 at 2).[4] Yet, the plaintiffs also admit that the letter from the USPS "further stated that the form be completed and/or corrected and resubmitted before it could be accepted as being valid." *Id.* After receiving the notice of non-acceptance, the plaintiffs state that they filed the form correctly. *Id.* Then, without citing to any legal authority as support, they surmise that, because they filed the first incorrectly filed SF-95 within the two-year statute of limitations period, their claims were timely. *Id.*

To meet the statute of limitations requirements, the plaintiffs first attempt at presenting their claim to the USPS must be deemed valid. It is not. Plaintiffs' accident occurred on May 26, 2021, meaning the plaintiffs had to present a valid claim to the USPS by May 26, 2023. Plaintiffs second attempt at filing the SF-95 on December 11, 2023, which was properly submitted, was done outside the two-year statute of limitations. *See* Pls.' Ex. 2B, ECF No. 23-3. Despite their argument that their first improperly filed claim should count as presentment, the plaintiffs cite no authority that would allow me to find as such. "The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Local Rule 7-2(d).

Further, a review of the plaintiffs' first SF-95 forms demonstrate that the plaintiffs left many boxes of the form blank and failed to provide a sum certain for the amount of damages they are seeking. *Id.* at 23-2 at 12, 14. So even if the submittal of the first SF-95 somehow tolled the statute of limitations, the plaintiffs claim would still fail because courts have held that failure to provide a sum certain results in a failure to properly present the claim to the relevant agency. *See Blair v. IRS*, 304 F.3d 861, 864 (9th Cir. 2002). Thus, regardless, the plaintiffs first SF-95 form was not a proper presentment of the claim—it did not allow the USPS to properly investigate the claim—and therefore cannot be considered for purposes of statute of limitations.

---

[4] I take judicial notice of this letter as it is a matter of public record. *See supra* note 3.

4

*See Curry v. United States Postal Service*, 2019 U.S. Dist. LEXIS 234010, at *13 (C.D. Cal. Dec. 19, 2019) (stating that a claim filed with the USPS that does not include a sum certain of damages "must be treated as if no administrative claim ha[d] ever been filed" (quoting *Caidin v. United States*, 564 F.2d 284, 287 (9th Cir. 1977)). As the plaintiffs only valid claim was filed after the two-year statute of limitations, it is barred and cannot be brought.

Plaintiffs attempt to argue that their claim can proceed because, even if they didn't present their claim to the USPS within the two-year requirement, they filed the instant case within six months of the USPS's final denial of its claim and the filing is thus proper under 28 U.S.C. § 2401(b). ECF No. 23 at 3 (citing 28 U.S. Code § 2401(b)). Title 28, United States Code, Section 2401(b) states, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . ." Despite the statute's use of the word "or," the Ninth Circuit construes the statute as having two jurisdictional hurdles "[a] claim must be filed with the agency within two years of the claim's accrual, **and** the claimant must file suit within six months of the administrative denial of the claim. If either requirement is not met, [the suit] will be time barred." *Dyniewicz v. United States*, 742 F. 2d 484, 485 (9th Cir. 1984); *see Dunlap v. United States*, 2012 U.S. Dist. LEXIS 120284, at *4–5 (D. Ariz. Aug 23, 2012) (noting that the Ninth Circuit's interpretation of § 2401(b) is "consistent with other Circuit courts' holdings that, despite § 2401(b)'s use of the word 'or,' both the two-year and six-month filing requirements must be met for an FTCA action to be timely") (citing *Ellison v. United States*, 531 F.3d 359, 361–62 (6th Cir. 2008), *Houston v. USPS.*, 823 F.2d 896, 902 (5th Cir. 1987) and *Schuler v. United States*, 628 F.2d 199, 201 (D.C. Cir. 1980)). Plaintiffs provide no authority to support their argument, let alone any authority indicating that the Ninth Circuit has abandoned this reading of § 2401(b). Therefore, the plaintiffs timely filing of the complaint in this case does not negate their untimely presentment to the USPS.

Plaintiffs failed to timely present their claim to the USPS. I note, however, that it is not impossible that the two-year statute of limitations in § 2401(b) was somehow equitably tolled. *United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015). "To invoke the doctrine of equitable tolling, a plaintiff must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Daviscourt v. United States*, 2021 U.S. Dist. LEXIS 1607, at *5 (W.D. Wash. Jan. 4, 2021) (citing *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013)). The burden is on the plaintiff to demonstrate that equitable tolling is appropriate. *United States v. Marolf*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999). In their opposition, the plaintiffs provide no argument as to why they would be entitled to equitable tolling, but the court will nonetheless give the plaintiffs an opportunity to refile if they can demonstrate equitable tolling should apply here.

Accordingly, the United States' motion to dismiss is granted because the plaintiffs' claims are barred by statute of limitations. However, I grant dismissal without prejudice. If the plaintiffs seek to continue this action, they must file supplemental briefing, that does not exceed five pages, addressing why they are entitled to equitable tolling by September 19, 2025. Defendants may file a response within fourteen days after any supplemental brief is docketed. Failure to provide supplemental briefing, or failure to demonstrate they are entitled to equitable tolling, will result in an amended dismissal of this action with prejudice.[5]

### IV. Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 17] is GRANTED without prejudice.**

---

[5] Because I dismiss the claims based on the statute of limitations, I do not address the United States' other arguments. Plaintiffs' motion to amend (ECF No. 24) is denied without prejudice. Should they successfully demonstrate equitable tolling, the motion to amend will be reinstated and resolved accordingly.

IT IS FURTHER ORDERED that plaintiffs must file supplemental briefing addressing equitable tolling no later than **September 19, 2025**. The brief should not be longer than five pages.

IT IS FURTHER ORDERED that plaintiffs' countermotion to amend **[ECF No. 24]** is **DENIED without prejudice.**

Dated: September 4, 2025

_____
Cristina D. Silva
United States District Judge